# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**ELIZABETH McKINNEY,**  )
)
Petitioner, )
)
v. ) **Case No. CIV 12-344-FHS-KEW**
)
**SHARON McCOY, Warden,** )
)
Respondent. )

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's amended petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Eddie Warrior Correctional Center in Taft, Oklahoma, attacks her conviction in Pontotoc County District Court Case Number CF-2006-374 for Lewd Molestation (Count 1) and Sodomy (Count 2).

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). Petitioner has not filed a response to the motion.

Section 2244(d) provides that:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that petitioner entered a plea of guilty to Count 1 and no contest to Count 2 on October 16, 2007, and the Pontotoc County District Court entered Judgment and Sentence on December 21, 2007. She did not seek to timely withdraw her pleas or seek a direct appeal to the Oklahoma Court of Criminal Appeals. Her conviction, therefore, became final on December 31, 2007, ten days after entry of the Judgment and Sentence. *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Pursuant to 28 U.S.C. § 2244(d)(1), the statutory year began the next day on January 1, 2008, and ended on January 1, 2009. Because January 1, 2009, was a holiday, however, her deadline for commencing a federal habeas corpus action was January 2, 2009.

On May 12, 2008, the suspended portion of petitioner's sentence was revoked, and on May 21, 2008, she filed an untimely application to withdraw guilty plea. On June 9, 2008, she filed an amended application to withdraw guilty plea, and the application was denied on June 11, 2008. Because the applications were not timely filed within ten days after her Judgment and Sentence was entered, these proceedings were not "properly filed" in accordance with 28 U.S.C. § 2244(d)(2), and did entitle petitioner to the tolling provision of that statute. *See Hicks v. Kaiser*, No. 99-63-2, 2000 WL 27694, at *1 (10th Cir. Jan. 14, 2000) (unpublished) (holding that untimely motion to withdraw guilty plea is not a properly filed application for post-conviction relief).

On November 24, 2008, petitioner filed a motion for judicial review of her sentence in the Pontotoc County District Court. The motion was denied on January 16, 2009. In *Wall v. Kholi*, ___U.S. ___, 131 S.Ct. 1278 (2011), the Supreme Court held that a motion to reduce sentence under Rhode Island law is an application for collateral review that triggers

AEDPA's tolling provision at 28 U.S.C. § 2244(d)(2). The respondent does not concede that a motion for judicial review filed under Oklahoma law is an "application for . . . collateral review" under 28 U.S.C. § 2244(d)(2), and the Tenth Circuit has not addressed whether the *Wall* holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law. Even if the 54 days her motion for judicial review was pending extended her habeas filing deadline to February 25, 2009, this petition, filed on August 14, 2012, is untimely.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner did not file her first application for post-conviction relief until December 3, 2009, after expiration of the limitation period, so there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). This petition for a writ of habeas corpus, therefore, is untimely.

**ACCORDINGLY,** respondent's motion to dismiss time-barred petition [Docket #10] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 26th day of June, 2013.

Frank H. Seay
United States District Judge